UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSIE CHAPA, *Individually and as Representative of the* ESTATE OF JUAN CARLOS CHAPA; and JUAN CHAPA<br>    *Plaintiffs* | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 21-cv-249 |
| CITY OF MISSION, TEXAS<br>LUIS GUTIERREZ, *Individually*;<br>ALEXANDRIA LEAL, *Individually*; and<br>SERGIO MARTINEZ, *Individually*<br>    *Defendants* | §<br>§<br>§<br>§<br>§ | (JURY REQUESTED) |

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, CITY OF MISSION, TEXAS, LUIS GUTIERREZ, Individually, ALEXANDRIA LEAL (*incorrectly named as* ALEJANDRE LEAL), Individually, and SERGIO MARTINEZ, Individually, Defendants in the above-styled and numbered cause, and file this their Original Answer to Plaintiffs' Original Complaint, and in support thereof, would respectfully show unto the Court as follows.  Plaintiff is Josie Chapa, Individually, and as Representative of the Estate of Juan Carlos Chapa; and Juan Chapa, hereinafter referred to by name, or as Plaintiffs, or as Decedent Juan Carlos Chapa.  Defendants City of Mission, Texas, Luis Gutierrez, Individually, Alexandria Leal, Individually, and Sergio Martinez, Individually will hereinafter be referred to as Defendants, Defendant City, or by the individual Defendants' names.

## I.
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

1. Defendants deny each and all of Plaintiffs' allegations except to the extent expressly admitted herein.

2. Defendants are not required to admit or deny the averments contained in the introductory paragraph; however, Defendants admit that Plaintiffs complain of Defendants in this lawsuit, but deny any factual allegations giving rise to Plaintiffs' claims.

3. Defendants admit in part and deny in part the averments contained in Paragraph 1 entitled Jurisdiction and Venue. Defendants admit that the incident giving rise to this lawsuit occurred in the City of Mission, Hidalgo County, Texas. Defendants would state that Plaintiffs have alleged a claim involving 42 U.S.C. § 1983 and that jurisdiction and venue are proper in the U.S. District Court, Southern District of Texas, McAllen Division. Defendants deny the factual allegations giving rise to Plaintiffs' claims. Defendants would further state that Plaintiffs have not asserted any state law claims.

4. Defendants are without sufficient knowledge to admit or deny the averments contained in Paragraphs 2 and 3.

5. Defendants admit the averment contained in Paragraph 4.

6. Defendants admit in part and deny in part the averments contained in paragraph 5. Defendants admit that Defendant Luis Gutierrez is employed as a police officer by the City of Mission Police Department, but deny any factual allegations giving rise to the

Plaintiffs' claims against Defendant Gutierrez.

7. Defendants admit in part and deny in part the averments contained in paragraph 6. Defendants deny that Alejandre Leal is a properly named Defendant, and the proper name is Alexandria Leal. Defendants admit that Defendant Alexandria Leal is employed as a police officer by the City of Mission Police Department, but deny any factual allegations giving rise to the Plaintiffs' claims against Defendant Leal.

8. Defendants admit in part and deny in part the averments contained in paragraph 7. Defendants admit that Defendant Sergio Martinez is employed as a police officer by the City of Mission Police Department, but deny any factual allegations giving rise to the Plaintiffs' claims against Defendant Martinez.

9. Defendants deny any incident giving rise to this lawsuit occurred on July 20, 2019 as set forth in Paragraph 8. Defendants admit that there was a request for police assistance by Plaintiff Josie Chapa involving her son Juan Carlos Chapa that resulted in an incident that occurred on June 20, 2019, which resulted in the deaths of a police officer and Plaintiffs' son, Juan Carlos Chapa. Defendants deny the remainder of averments and allegations contained in Paragraph 8.

10. Defendants deny the factual allegations contained in Paragraph 9. Defendants admit that there was a request for police assistance by Plaintiff Josie Chapa involving her son Juan Carlos Chapa that resulted in an incident that occurred on June 20, 2019, which resulted in the deaths of a police officer and Plaintiffs' son, Juan Carlos Chapa. Defendants deny the remainder of averments and allegations contained in Paragraph 9.

11. Defendants deny the factual allegations contained in paragraph 10.

12. Defendants are not required to admit or deny the averments contained in Paragraph 11 as Plaintiffs are citing to a proposition of law.

13. Defendants are not required to admit or deny the averments contained in Paragraph 12 as Plaintiffs are citing to a proposition of law.  Defendants admit that the individual Defendants were acting in the course and scope of their employment as City of Mission Police Officers at the time of the incident made the basis of this lawsuit.

14. Defendants are not required to admit or deny the averments contained in Paragraph 13 as Plaintiffs are citing to a proposition of law.  Defendants deny the remainder of the allegations contained in Paragraph 13.

15. Defendants deny the allegations contained in Paragraph 14.

16. Defendants are not required to admit or deny the averments contained in Paragraph 15 that reference propositions of law.  Defendants deny the remainder of the allegations contained in Paragraph 15.

17. Defendants deny the allegations contained in Paragraph 16.

18. Defendants are without sufficient knowledge to admit or deny the averments contained in Paragraph 17.

19. Defendants deny the allegations contained in paragraphs 18 through 21.  Defendants admit that Plaintiffs seek certain relief in paragraphs 18 through 21, but deny that Plaintiffs are entitled to any of the relief sought.

20. Defendants deny the allegations giving rise to the averments contained in the

concluding paragraph of Plaintiffs' Original Complaint. Defendants admit that Plaintiffs seek certain relief in the concluding paragraph, but deny that Plaintiffs are entitled to any of the relief sought.

## II.
## AFFIRMATIVE DEFENSES

21. Defendants would show that there has been no violation of Decedent Juan Carlos Chapa's constitutional rights.

22. Defendants are entitled to qualified immunity from liability under 42 U.S.C. § 1983 because they acted under the reasonable belief that their actions were within the course and scope of their official duties and capacities and did not violate the Decedent's constitutional rights.

23. Defendants would show that the use of force alleged in Plaintiffs' Original Complaint was necessary under the circumstances and was in every way constitutional under constitutional standards applicable at the time of the incident made the basis of this lawsuit.

24. Defendants assert that the actions taken by the individual Defendants with regard to this incident were taken in self defense or to protect innocent third persons present during the course of this incident, or both.

25. Defendants assert that Defendant City of Mission is entitled to governmental immunity from suit.

26. Defendant City of Mission hereby invokes all immunities and defenses set out under

the Texas Tort Claims Act as it relates to any and all state law claims made by Plaintiffs against Defendant City of Mission, including but not limited to, the statutory limits on damages.

27. To the extent Plaintiffs assert state law claims against Defendants, then any such claims are barred by the Texas Tort Claims Act, Chapter 101 of the TEX. CIV. PRAC. & REM. CODE.

28. Defendants would show that Plaintiffs' claims do not fall within the limited waiver of immunity set forth in the Texas Tort Claims Act, and Defendants would specifically invoke all the immunities from liability set forth in the Texas Tort Claims Act.

29. Defendants would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.023, 101.024, 101.025, 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

30. Defendants would further assert that any loss or damages allegedly sustained by the Decedent and Plaintiffs at the time, place, and occasion mentioned in Plaintiffs' Original Complaint were caused in whole by the intentional conduct of the Decedent, and not by any negligence, or fault, or want of care on the part of these Defendants.

31. Defendants would further show that any loss or damages sustained by Decedent and Plaintiffs at the time and place on the occasion mentioned in Plaintiffs' Original Complaint were caused in whole or in part, or contributed to, by the conduct of the Decedent, and not by any conduct, or fault, or want of care on the part of these

Defendants.

32. Defendants would further show that Plaintiffs' damages as alleged, although such injuries and damages are not so acknowledged, were caused in whole or in part, or contributed to by the negligence, intentional conduct, fault or want of care of parties, conditions, or instrumentalities over which these Defendants exercised no control and for whose acts these Defendants are not under the law responsible.

33. Defendants would show there was probable cause to initiate criminal proceedings against the Decedent.

34. Defendants would show that Plaintiffs have failed to plead or produce any facts that would support an inference that Defendants acted with deliberate indifference.

35. Defendants would further show that Plaintiffs' damages are a result of Plaintiffs' failure to mitigate their damages.

36. To the extent Plaintiffs' claim for punitive/exemplary damages is governed by state law, then any such damages are limited by chapter 41 of the TEX. CIV. PRAC. & REM. CODE. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution, article 1, section 13 and 19, the Due Course of Law clause.

37. Plaintiffs' are not entitled to attorney's fees because Plaintiffs are not prevailing parties, and Defendants are entitled to their attorney's fees pursuant to 42 U.S.C. § 1988.

### III.

**RESERVATIONS**

Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer, if any be necessary, Defendants reserve the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendants may deem proper. Defendants hereby request a trial by jury.

## IV.
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS, CITY OF MISSION, TEXAS, LUIS GUTIERREZ, Individually, ALEXANDRIA LEAL (*incorrectly named as ALEJANDRE LEAL*), Individually, and SERGIO MARTINEZ, Individually, pray that upon final trial and hearing hereof, Plaintiffs take nothing by this suit, that Defendants recover all costs incurred herein, including their attorney's fees under 42 U.S.C. § 1988, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on September 3, 2021.

        Respectfully submitted,

By: */s/ Heather Scott*
    Heather Scott
    State Bar No. 24046809
    USDC Adm. No. 575294
    Email: hscott@guerrasabo.com
    *Of Counsel*

    R.D. "Bobby" Guerra
    *Attorney In Charge*
    State Bar No. 08578640
    USDC Adm. No. 5949
    Email: RDGuerra@guerrasabo.com

    Carlo H. Tamayo
    State Bar No. 24115373
    USDC Adm. No. 3498642
    Email: ctamayo@guerrasabo.com
    *Of Counsel*

    GUERRA & SABO, P.L.L.C.
    10123 N. 10th Street
    McAllen, Texas 78504
    Telephone: (956) 541-1846
    Facsimile: (956) 541-1893
    *Of Counsel*
    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 3, 2021, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

*Via Electronic Notice*
Mr. Christopher J. Gale
Ms. Amie Augenstein
Gale Law Group, P.L.L.C.
711 North Caranahua St., Suite 514
Corpus Christi, Texas 78401

        By: */s/ Heather Scott*
            Heather Scott